IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMES OTIS BURDEN, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 5:12-CV-344 (MTT) |
| | : | |
| ROBERT TOOLE, Warden, | : | |
| | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Respondent Warden Robert Toole has filed a Motion to Dismiss the above-captioned petition alleging that it is untimely filed according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). Doc. 11. Because Petitioner James Otis Burden failed to file his petition within the one-year period of limitations and because he has failed to show that he is entitled equitable tolling, it is **RECOMMENDED** that the petition be **DISMISSED**.

Also before the Court is Petitioner's Motion for Hearing. Doc. 15. In the motion, Petitioner requests an evidentiary hearing regarding the merits of his federal petition. In view of the recommendation to dismiss the petition as untimely filed, it is further **RECOMMENDED** that Petitioner's Motion for Hearing be **DENIED** as moot.

## PROCEDURAL HISTORY

On January 30, 2006, a Dooly County Grand Jury returned an indictment against Petitioner James Otis Burden charging him with two counts of armed robbery. Doc. 13-1 at 1-3. The indictment also charged Petitioner as a recidivist. Id. Following a jury trial, Petitioner was convicted of all charges on April 25, 2006. Id. at 4. The trial court sentenced Petitioner to

1

concurrent sentences of life without parole pursuant to Georgia's recidivist statute, O.C.G.A. 17-10-7. Id. After Petitioner received new appellate counsel, he filed a direct appeal raising multiple issues. See Doc. 13-3 at 9. On March 5, 2009, the Georgia Court of Appeals affirmed Petitioner's convictions and sentences. Burden v. State, 296 Ga. App. 441 (2009).

On March 11, 2010, Petitioner filed a state habeas corpus petition. Doc. 13-2. Following an evidentiary hearing, the state habeas court denied Petitioner's state petition on April 26, 2011. Doc. 13-3. It does not appear that Petitioner filed an application for a certificate of probable cause to appeal the state court's decision with the Georgia Supreme Court. On August 24, 2012, Petitioner filed what appeared to be a federal habeas corpus petition with this Court.[1] Doc. 1. Following instructions from the Court, Petitioner filed a recast federal petition September 12, 2012. Doc. 6. On November 21, 2012, Respondent filed the instant motion to dismiss. Doc. 11.

## DISCUSSION

Respondent contends that Petitioner's federal habeas corpus petition should be dismissed as untimely filed because Petitioner failed to submit his petition within one year of his conviction becoming final. Because Petitioner did not submit his petition within one year of his conviction becoming final and because he has failed to show that he is entitled to equitable tolling, Petitioner's federal habeas petition must be dismissed as time-barred.

### The AEDPA Statute of Limitations

Pursuant to the AEDPA, an individual seeking a federal writ of habeas corpus must file his petition within one year of "the date on which judgment became final by the conclusion of direct review or the expiration of time seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2]

---

[1] Petitioner filed a complaint challenging his confinement using the Court's standard form for cases brought pursuant to 42 U.S.C. § 1983. Doc. 1.
[2] The one-year limitation may be triggered by other events described in 28 U.S.C. § 2244(d)(1); however, none of those grounds are applicable in this case.

Finality of judgment pursuant to Section 2244(d)(1)(A) consists of two prongs, and each prong relates to a distinct category of petitioners. <u>Gonzalez v. Thaler</u>, 312 S.Ct. 641, 653 (2012). For a petitioner who pursues direct review all the way to the United States Supreme Court, his judgment becomes final at the "conclusion of direct review" when the United States Supreme Court affirms the conviction on the merits or denies a petition for certiorari. <u>Id.</u> For a petitioner who does not pursue direct review all the way to the United States Supreme Court, his judgment becomes final at the "expiration of the time for seeking such review," that is, when the time for pursing direct review expires. <u>Id.</u> at 653-54. <u>See</u> <u>also</u> <u>Pugh v. Smith</u>, 465 F.3d 1295, 1299 (11th Cir. 2006).

The one-year period of limitations runs until the petitioner files a state motion for post-conviction relief. The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2). The one-year period then resumes running when the state's highest court issues a mandate disposing of the motion for post-conviction relief. <u>Lawrence v. Florida</u>, 549 U.S. 327, 331-32 (2007).

In this case, Petitioner did not file his federal petition within a year of his conviction becoming final. Because Petitioner did not pursue direct review all the way to the United States Supreme Court, his conviction became final when his time to seek direct review expired. The Georgia Court of Appeals affirmed Petitioner's convictions and sentences on March 5, 2009. Pursuant to Georgia Supreme Court Rule 38 and Georgia Court of Appeals Rule 38, Petitioner then had ten days to either move for reconsideration in the Georgia Court of Appeals or file a notice of intent to apply for certiorari in the Georgia Supreme Court. Petitioner failed to move for reconsideration or apply for certiorari. As such, Petitioner's conviction became final on

March 16, 2009, ten days after the Georgia Court of Appeals confirmed his convictions and sentences.

Petitioner then waited 360 days, or until March 11, 2013, to file a state habeas petition. At that point, the limitations period began tolling. The state habeas court denied Petitioner's state habeas petition on April 26, 2011. Pursuant to O.C.G.A. § 9-14-52, Petitioner then had thirty days to file an application for a certificate of probable cause to appeal in the Georgia Supreme Court. There is nothing in the record to indicate that Petitioner filed an application for a certificate of probable cause to appeal in the Georgia Supreme Court. Petitioner's state habeas action therefore concluded on May 26, 2011, and the tolling of the limitations period ended at that time. Petitioner waited another 455 days before attempting to file his federal habeas corpus petition on August 24, 2012. Petitioner therefore allowed a total of 815 days to run between his conviction becoming final and the filing of his federal habeas corpus petition. Accordingly, Petitioner's federal habeas petition is out-of-time by over a year and two months.

Equitable Tolling

Petitioner has also failed to show that he is entitled to equitable tolling of the limitations period. Under very limited circumstances, the doctrine of equitable tolling allows the district court to review the petition if the Petitioner shows "(1) that he has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way and prevented timely filing. San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) (emphasis added); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added). Such tolling applies only in truly extraordinary circumstances. Jones v. United States, 304 F.3d 1035, 1039-40 (11th Cir. 2002). The petitioner bears the burden of proving the circumstances that justify the use of equitable tolling. Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002).

In this case, Petitioner has failed to establish extraordinary circumstances that prevented the timely filing of his federal habeas petition. Petitioner contends that he should be entitled to equitable tolling because his appellate counsel was ineffective. Specifically, Petitioner claims that the court of appeals would have ruled in his favor had appellate counsel raised the grounds on appeal that Petitioner requested. Petitioner's contention, however, relates solely to the merits of his claims and does not relate to his ability to timely file his federal habeas petition. As such, counsel's alleged ineffective assistance does not constitute an extraordinary circumstance entitling Petitioner to equitable tolling.

Petitioner also contends that he is entitled to equitable tolling because the trial court did not inform him at sentencing of his habeas corpus rights or the applicable habeas corpus statute of limitations. Lacking knowledge of the law does not constitute an extraordinary circumstance warranting equitable tolling. DeLeon v. Florida Dept. of Corrections, 470 Fed. Appx. 732, 734 (11th Cir. 2012) (citing Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005)). Additionally, a trial court does not have an affirmative duty to notify a defendant of the AEDPA statute of limitations. See, e.g., Clarkson v. Williams, 2011 WL 6328367 at *4 (S.D.Ga. 2011). Although a trial court's misinformation may constitute an extraordinary circumstance, Petitioner's claim that the trial court did not inform him of the limitations period does not amount to misinformation.

Petitioner lastly appears to contend that he is entitled to equitable tolling because the Ware County Superior Court Clerk failed to file his timely application for a certificate of probable cause to appeal the denial of his state habeas petition. Petitioner has failed to present any evidence to support his allegations. Even if Petitioner's allegations are accepted as true, the Ware County Superior Court clerk did not err by refusing to file the application because

Petitioner should have filed the application with the Georgia Supreme Court. In the order denying Petitioner's state habeas petition, the state habeas court informed Petitioner that "[i]f Petitioner desires to appeal this order, he must file an application for certificate of probable cause to appeal with the Clerk of the Georgia Supreme Court within thirty (30) days after the date this order is filed." Doc. 13-3 at 14. Had the state habeas court misinformed or misled Petitioner regarding how to appeal the denial of his state habeas petition, Petitioner might be entitled to equitable tolling based on his alleged filing in the wrong court. See Spottsville v. Terry, 476 F.3d 1241, 1245 (11th Cir. 2007) (finding equitable tolling appropriate where the state habeas court misled petitioner regarding his appellate rights). The state habeas court did not mislead Petitioner in this case, however.

Even if Petitioner's allegations constitute an extraordinary circumstance, Petitioner has failed to show that he has diligently pursued his rights. Although equitable tolling does not require maximum feasible diligence, a petitioner must show reasonable diligence in pursuing his rights. Holland v. Florida, 130 S.Ct. 2549, 2565 (2010). To establish diligence, a petitioner must present evidence showing reasonable efforts to timely file his action. Dodd v. United States, 365 F.3d 1273, 1282 (11th Cir. 2004). In this case, Petitioner has not presented any evidence showing his efforts to file his federal habeas petition within the required time period. Accordingly, Petitioner has failed to show that he is entitled to equitable tolling.

## CONCLUSION

Because Petitioner failed to file his federal habeas corpus petition within the one-year period of limitations and because Petitioner has failed to show that he is entitled to equitable tolling, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED,** and that Petitioner's federal habeas corpus petition be **DISMISSED.** In view of the recommendation

to grant Respondent's Motion to Dismiss, it is further **RECOMMENDED** that Petitioner's Motion for Hearing be **DENIED** as moot.

Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 7th day of June, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge